E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
  UNITED STATES ATTORNEY'S OFFICE
  411 W. Fourth Street
  Suite 8000
  Santa Ana, California  92701
  Telephone: (714) 338-3597
  Facsimile: (714) 338-3708
  E-Mail:    rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 8:23-CR-015-CJC |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION STATEMENT REGARDING SENTENCING OF DEFENDANT PATRICK EDWARD McCORD |
| v. | |
| PATRICK EDWARD McCORD II, | [Fed. R. Crim. P. 32(f)(1)] |
| Defendant. | DATE:  May 9, 2024<br>TIME:  11:00 a.m.<br>PLACE: Courtroom 9-B<br>EST:   20 minutes |

**INTRODUCTION**

On November 27, 2023, defendant PATRICK McCORD pleaded guilty to Count ONE of the two-count Indictment, namely, Possession with Intent to Distribute at least 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).  In summary, defendant admitted that he knowingly possessed 97.2 grams of methamphetamine (actual) and smaller amounts of various other controlled substances (e.g., fentanyl, MDMA, Xanax, Alprazolam, etc.), as well as multiple indicia of drug-trafficking activities (e.g., a pay-owe sheet, a functional digital scale, 19 small empty plastic baggies, and three cellphones, one of which contained recent texts evidencing defendant's sale of drugs).  Along with his other possessions, defendant was also found to be in possession of a 9mm pistol.

Defendant pleaded guilty pursuant to a plea agreement.  In that agreement, the government promised to "recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the Total Offense Level used by the Court to determine that range is  29  or higher and provided that the Court does not depart downward in Offense Level or Criminal History Category."  (See Plea Agmt. at 3, ¶ 3(d).)

**USPO'S SENTENCING CALCULATIONS & RECOMMENDATION**

In the Pre-Sentence Report, the USPO concludes that defendant's Total Offense Level is  29 .  (PSR ¶ 46.)  The USPO also concludes that defendant has 39 criminal history points, which places him in Criminal History Category  VI .  (PSR ¶ 90.)  Thus, the PSR states that the Guidelines' advisory sentencing range is 151-188 months' imprisonment.  (PSR ¶ 152.)

**GOVERNMENT'S RESPONSE TO PRE-SENTENCE REPORT**

**A.  Factual Statements**

The government has no objection to the PSR's summary of defendant's offense conduct.

**B.  Offense Level Computation**

The government agrees with the PSR's calculation of defendant's Total Offense Level under the Guidelines: 29 .

**C.  Criminal History Category**

The government agrees with the USPO's calculation of defendant's Criminal History Category: VI .

**D.  Departure Issues**

The government is not aware of any basis for an upward or downward departure under the Sentencing Guidelines.

**E.  Supervised Release**

As to the term, the government agrees with the USPO's recommendation of a five-year term of supervised release.

As to the conditions, the government agrees with all of the USPO's recommended conditions of supervised release, **except** the search-condition designated as Condition #8.  As to the search-condition, the government asks the Court to use the language that the parties agreed to in the plea agreement:

> Defendant shall submit his person and property ⎯ including any residence, vehicle, container, papers, effects, and cellular telephones, computers, and other electronic communication or digital storage devices and media under his control ⎯ to search and seizure at any time of the day or night by any law enforcement officer or probation officer, with or without a warrant, probable cause, or reasonable suspicion.  If the defendant resides with others during the term of supervised release, the defendant shall

> warn any other occupants that the premises are subject to search pursuant to this condition.

(See Plea Agmt. ¶ 2(h), at 2-3.)

The first sentence of the parties' proposed search-condition borrows language from the Orange County Superior Court, and that is good because local police officers will have a shared understanding of what it means if they ask whether the defendant is on federal probation with a "search condition."  Moreover, multiple judges in this district use the alternative language that the parties have stipulated to in this case.  The language has also withstood challenges on appeal.  In one appeal handled by the undersigned counsel, the Ninth Circuit rejected various Fourth Amendment challenges to similar language, most notably the condition's authorization of suspicionless searches.  See United States v. Park, 2021 WL 5984980, at *1 (9th Cir. 2021).  As Park explains, "[the Circuit has] permitted suspicionless searches of federal supervisees in the past, see United States v. Betts, 511 F.3d 872, 876 (9th Cir. 2007), as well as searches of federal supervisees' electronic data, see United States v. Bare, 806 F.3d 1011, 1018 n.4 (9th Cir. 2015)."  See Park, 2021 WL 5984980, at *1 (vacating condition only to the extent it authorized search of digital devices and only due to district court's failure "to make a factual finding that established a nexus between computer use and a supervised release sentencing goal," e.g., protection of the public, specific deterrence, etc.).

**F.   Fine**

All fines should be deemed waived as defendant appears unable to pay a fine.

**G.     Restitution**

Restitution is not an issue in this case.

## SENTENCING RECOMMENDATION

In accordance with the plea agreement and 18 U.S.C. § 3553(a), the government hereby recommends the following sentence:

(1)    a term of 151 months' imprisonment, at the low-end of the Guidelines range applicable to Offense Level  29  and Criminal History Category  VI ;

(2)    a 5-year term of supervised release, with the "search condition" requested herein; and

(3)    a $100 special assessment.

The government believes that this sentence is sufficient, but not greater than necessary, to achieve the statutory objectives of sentencing set forth in § 3553(a), namely, to reflect the seriousness of the offense conduct, to promote respect for the law, to provide just punishment, to deter defendant from committing future crimes, and to deter other persons from committing similar crimes.  This sentence also reflects defendant's prompt acceptance of responsibility.

However, as the Ninth Circuit teaches and the government's undersigned counsel often notes, "reasonableness is a range, not a point," and the Guidelines no longer define that range.  United States v. Mohamad, 459 F.3d 979, 989 (9th Cir. 2006).  The Court is free, therefore, to make its own assessment about whether a downward variance may be warranted and still be within the "range" of reasonableness as defined in Booker and as informed by § 3553(a)'s sentencing factors.

The USPO recommends a sentence of 132 months' imprisonment (see USPO Letter at 1), which is slightly below the Guidelines sentencing range. In that regard, the PSR and the USPO's recommendation letter both note some mitigating factors that warrant consideration: (1) defendant is the product of a broken home and unstable family environment; (2) defendant's father was himself imprisoned for drug-trafficking and was thus absent throughout most of defendant's childhood; (3) defendant's mother divorced his father, when defendant was approximately five years' old; (4) defendant was thereafter raised in an unstable environment by his mother and a series of two step-fathers, who his mother divorced in fairly short order; (5) defendant started abusing drugs at a very young age, including alcohol at age 12, marijuana at 13, cocaine, LSD, mushrooms, and benzodiazepines at 14 or 15, methamphetamine at 20, and fentanyl at 28; and (6) he has two prior hospitalizations at the age of 15 when he was diagnosed with a "major depressive affective disorder," of a severe degree but without psychotic features. (See PSR ¶¶ 96-97, 121-130.)

DATED: May 1, 2024.                E. MARTIN ESTRADA
                                   United States Attorney

                                   MACK E. JENKINS
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/ R.J.K.
                                   ROBERT J. KEENAN
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of Orange County, California. I am over 18 years of age, and I am not a party to the above-entitled action. My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

On this date, **May 1, 2024,** I served a copy of the attached document, **GOVERNMENT'S POSITION STATEMENT REGARDING SENTENCING OF DEFENDANT PATRICK EDWARD McCORD,** on defendant's counsel and the assigned U.S. Probation Officer by e-mailing it to the following e-mail addresses:

**abp@perezandperez.com**

**Jill_DaCosta@cacp.uscourts.gov**

I declare under penalty of perjury that the foregoing is true and correct. This declaration is executed on this day, **May 1, 2024,** at Santa Ana, California.

/s/ R.J.K.
Robert J. Keenan